*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00625-CR

Pedrito **ESQUIVEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-1664
Honorable Mary Román, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   November 11, 2009

DISMISSED

Appellant Pedrito Esquivel pleaded nolo contendere to indecency with a child by contact pursuant to a plea bargain agreement. As part of his plea-bargain, appellant signed a separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the plea bargain

agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* Tex. R. App. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* Tex. R. App. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, stating she has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. Tex. R. App. P. 25.2(d).

PER CURIAM

Do not publish